UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
In re: THE ENVIRONMENTAL CAREERS          )
ORGANIZATION, INC.,                              )
                              Debtor.                )      Civil Action No. 12-10928-GAO
                                                    )
                                                    )
GARY W. CRUIKSHANK, as he is the Trustee    )
of the Chapter 7 Estate of THE ENVIRONMENTAL )   (Chapter 7 Case No. 07-14238-WCH)
CAREERS ORGANIZATION, INC.,                )
                              Plaintiff,              )
                                                    )
v.                                                  )
                                                    )
JOHN R. COOK, Jr.,                               )
                              Defendant.             )
_____ )


OPINION AND ORDER
March 11, 2013

O'TOOLE, D.J.

　　Gary Cruikshank, trustee of the bankruptcy estate of Environmental Careers Organization, Inc. ("ECO"), filed a complaint in the bankruptcy case against John Cook, former president of ECO, for Cook's alleged breach of fiduciary duties. In his complaint, Cruikshank alleges that this breach arose "as a result of, among other things, [Cook's] negligence in failing to adopt appropriate accounting procedures and in failing to ensure ECO was in compliance with [certain] financial and program management standards . . . ." See Complaint at 3, Cruikshank v. Cook, No. 08-01356 (Bankr. D. Mass. Nov. 21, 2008), ECF No. 1. In his complaint, Cruikshank seeks money damages from Cook.

　　The matter was scheduled for trial in the bankruptcy court. Before the trial, however, Cook claimed a jury trial and gave notice that he did not consent to a bench trial in that court.

The bankruptcy court held a show cause hearing, after which it concluded that the plaintiff's jury trial claim was ineffective because of the equitable nature of the trustee's suit and ordered it stricken. Cook now seeks leave under 28 U.S.C. § 158(a)(3) and Rule 8003 of the Federal Rules of Bankruptcy Procedure to appeal the bankruptcy judge's interlocutory order. At the hearing before me, the parties agreed that if leave to appeal is granted, I should also decide the merits question whether the Bankruptcy Court erred in striking the jury trial claim.

The decision to grant leave under § 158(a) for an interlocutory appeal from bankruptcy court lies within the discretion of the district court. In re Murray, 116 B.R. 6, 8 (D. Mass. 1990). "When considering petitions for interlocutory review to the District Court, courts generally apply the standard for certifying appeals from United States District Courts to the United States Courts of Appeals pursuant to 28 U.S.C. § 1292(b)." In re Clark-Franklin-Kingston Press, Inc., Nos. 90-11231, 90-11232, 1993 WL 160580, at *2 (D. Mass. April 21, 1993). A court may grant discretionary appellate review under § 1292(b) only where three conditions are met: the interlocutory order (1) involves a "controlling" question of law (2) as to which there exists a "substantial ground for difference of opinion" (3) from which an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see In re Clark-Franklin-Kingston Press, Inc., 1993 WL 160580, at *2. The party seeking interlocutory appeal bears a "heavy burden of persuading the court that exceptional circumstances warrant departure from the basic policy of postponing appellate review until after entry of a final judgment." In re Clark-Franklin-Kingston Press, Inc., 1993 WL 160580, at *2 (citations and quotations omitted).

As for the first condition under § 1292(b), the parties agree that the interlocutory order involves a "controlling" issue of law.

As for the second condition, there is a substantial ground for difference of opinion regarding whether the breach of fiduciary duty claim here is legal or equitable in nature. That condition is satisfied here. The parties vigorously debate the question, with each side citing respectable authority in support of their respective positions.

As to the third condition, it must appear that an immediate appeal of the interlocutory order "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Here, it may. If the case is tried without a jury before the bankruptcy court and Cook loses, he would likely appeal the denial of the jury trial, even if the trial outcome were otherwise impervious to appeal. Certifying an appeal now will eliminate the need for two trials and thus may materially advance the ultimate termination of the litigation.

The three conditions having been satisfied, leave to press the appeal is GRANTED.

Now the merits. The First Circuit explained in In re Evangelist that "[a]ctions for breach of fiduciary duty, historically speaking, are almost uniformly actions 'in equity' carrying with them no right to trial by jury." 760 F.2d 27, 29 (1st Cir. 1985). However, it further acknowledged that sometimes claims for breach of fiduciary duty can properly be regarded as actions at law. Id. at 31.

The standard for determining the legal or equitable nature of a claim was set forth by the Supreme Court in Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989). As that case explains, a court must engage in a two-part inquiry. Granfinanciera, 492 U.S. at 42. First, it must compare the action "to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." Id. Second, it must examine "the remedy sought and determine[s] whether it is legal or equitable in nature." Id. "The second stage of this analysis is more important than the first." Id. "[A] remedy is equitable when a plaintiff seeks restitution for funds

or property held by the defendant that actually belong to the plaintiff." FleetBoston Fin. Corp. v. Alt, 668 F. Supp. 2d 274, 276 (D. Mass. 2009) (citing Great-W. Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002)). In contrast, "[a] remedy is legal when a plaintiff seeks money damages for a loss he alleges he suffered." Id.; accord Granfinanciera, 492 U.S. at 43 ("While respondent's assertion that courts of equity sometimes provided relief in fraudulent conveyance actions is true, however, it hardly suffices to undermine petitioners' submission that the present action for *monetary* relief would not have sounded in equity 200 years ago in England.") (emphasis in original); Ross v. Berhard, 396 U.S. 531, 542 (1970) ("In the instant case we have no doubt that the corporation's claim is, at least in part, a legal one. The relief sought is money damages."); Depinto v. Provident Sec. Life Ins. Co., 323 F.2d 826, 837 (9th Cir. 1963) ("[W]e hold that where a claim of breach of fiduciary duty is predicated upon underlying conduct, such as negligence, which is actionable in a direct suit at common law, the issue of whether there has been such a breach is, subject to appropriate instructions, a jury question.").

In the present case, the plaintiff does not limit his claim to restitution for funds or property held by the defendant that actually belong to the plaintiff. Rather, the plaintiff seeks money damages for losses allegedly suffered as a result of Cook's negligence. According to the principles set forth above, a claim for such money damages is in the nature of a legal action and a party is thus entitled to a jury trial. Alt, 668 F. Supp. 2d at 276; Granfinanciera, 492 U.S. at 42.

The defendants argue that In re Evangelist demonstrates that the suit here is equitable. That argument is unpersuasive. First, that decision focused on a specific statute not at issue here. In re Evangelist, 760 F.2d at 29-30. Second, the court there found the action to be equitable in nature based in part upon that statute's particular legislative history. Id. Third, even if the conclusions reached in In re Evangelist fit the facts of the present case, the standards articulated

4

in <u>Granfinanciera</u> override it in that respect and indicate that the present suit is legal in nature. At least so much of the claim as seeks monetary damages proximately caused by Cook's negligence, the claim is one as to which Cook was entitled to claim a jury trial.

In sum, I conclude that the bankruptcy court erred where it struck the plaintiff's jury trial claim. The order striking the claim is thus vacated, and this case is remanded to the bankruptcy court for further proceedings consistent with this opinion.

It is SO ORDERED.


/s/ George A. O'Toole, Jr.
United States District Judge